LAURIETTA YEHLE, Plaintiff, v. NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

(Action No. 1.)

JOSEPH C. YEHLE, Plaintiff, v. NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

(Action No. 2.)

Supreme Court, Oneida County, January 7, 1943.

*Salvador J. Capecelatro* for plaintiffs.

*Warnick Kernan* for defendant.

CREGG, J. These are actions by wife and husband to recover damages for alleged unknown injuries which Mrs. Yehle claims to have received while riding as a passenger on one of defendant's trains on April 19, 1940. The train, which was *en route* from Albany, N. Y., to Utica, N. Y., was suddenly derailed, at or near the city of Little Falls. Mrs. Yehle was thrown violently off the train and received severe bodily injuries.

As a result of such injuries she was confined to a hospital in the village of Herkimer until on or about the 19th day of July, 1940, when she was released therefrom. Defendant paid all of plaintiff's expenses, including her doctors' bills while she was confined in the hospital and, in addition thereto, advanced to her $300. At the time of the accident Mrs. Yehle was a school nurse regularly employed by the city of Utica and was receiving $1,175 per year.

After several conferences between plaintiffs and the defendant's claim agent, they met on September 9, 1940, and both plaintiffs executed the ordinary release which recited among other things that: "For the sole consideration of $9,000.00 received to our full satisfaction from the New York Central Railroad Company, and without any other representation, promise or agreement, written or oral, we hereby release and discharge the said New York Central Railroad Company from all claims, demands, grievances and causes of action, of every kind whatsoever and including, but without limitation of the foregoing, all liability for damages of every kind, nature or description now existing, or which may hereafter arise from, or out of injuries and damages received by the said Laurietta E. Yehle, and loss of and damage to her personal property at or near Little Falls, State of New York on or about April 19, 1940." At the end of said release, and initialed by Mr. and Mrs. Yehle, appears the following in longhand: "We have read and understand this release."

The actual amount paid in cash on that date was $9,000, which, together with the hospital expenses, doctors' bills, and moneys advanced to Mrs. Yehle, made the total sum paid to plaintiffs and paid for their benefit approximately $12,150.

At the time of the release Mrs. Yehle had been advised by Dr. Gallo, her attending physician, Dr. Dickinson, physician for defendant, and Dr. Douglas, employed by the plaintiffs for the purpose of examining her, that, in their opinions, she would, in a limited way, be able to resume her regular duties as school nurse on or about September 1, 1941.

In my judgment, the evidence given on behalf of the plaintiffs upon the trial of these actions is sufficient to sustain findings by a jury: *First,* that at the time of the alleged settlement Mrs. Yehle was suffering from a post-traumatic cerebral condition and a lesion of the pituitary gland primarily and the hypothalamus, of which the pituitary is a part, together with other complications which have resulted in severe permanent injuries to her, and, *second,* that the accident produced such injuries.

At the time of the alleged settlement neither the claim agent nor either of the plaintiffs knew that Mrs. Yehle was suffering from an affliction, if any, of the pituitary gland. In fact, such a possibility was not even discussed at or previous to the execution of the release.

I find, therefore, that the plaintiffs did not intend to settle for unknown injuries to Mrs. Yehle. That the release was given and accepted under a mutual mistake of fact and is not binding on the plaintiffs in so far as unknown injuries are concerned. It is not a bar to these actions.

Findings and judgments may be prepared accordingly.